UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: COLOPLAST CORP. PELVIC SUPPORT SYSTEMS
PRODUCTS LIABILITY LITIGATION                               MDL No. 2387


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, defendant Coloplast Corp. (Coloplast) moves to centralize this litigation in the Southern District of West Virginia. The motion encompasses thirteen actions listed on Schedule A.[1]

Mentor Worldwide LLC (Mentor), which is a defendant in eleven of the thirteen actions, states that it does not oppose the motion for centralization. Plaintiffs in nine of the thirteen actions oppose the motion,[2] as does plaintiff in a potential tag-along action (*Channell*) pending in the Northern District of Texas. TEI Biosciences, Inc. (TEI), which is a defendant in the Middle District of Florida *White* action, opposes inclusion of that action in the MDL, if one is created. In the alternative, TEI requests that the claims in *White* against it be separated and remanded to the Middle District of Florida.

On the basis of the papers filed and hearing session held, we find that these thirteen actions involve common questions of fact, and that centralization in the Southern District of West Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from allegations that defects in Coloplast's pelvic surgical mesh products cause various and serious injuries to women who are treated with the products to address certain medical conditions (*e.g.*, pelvic organ prolapse and stress urinary incontinence). Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. Centralization is consistent with our recent decision creating separate pelvic repair product MDLs involving defendants American Medical Systems, Inc., Boston Scientific Corp., and Ethicon, Inc. (and entities related thereto), *see In re: American Med. Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, — F.

---

[*]  Judge Charles R. Breyer took no part in the decision of this matter.

[1]  Coloplast states that it is aware of a total of 24 federal actions in which it has been sued. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]  The nine actions are one of the three Middle District of Florida actions (*Lariscy*), one of the two Northern District of Illinois actions (*Marrero*), the Southern District of Illinois action, the District of Kansas action, the Eastern District of Missouri action, the three Western District of Missouri actions, and the Eastern District of Pennsylvania actions.

- 2 -

Supp. 2d —, 2012 WL 432533 (J.P.M.L. Feb. 7, 2012), as well as our earlier decisions in *In re: Avaulta Pelvic Support Sys. Prods. Liab. Litig.*, 746 F. Supp. 2d 1362, 1363 (J.P.M.L. 2010); and *In re: Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, 588 F. Supp. 2d 1374 (J.P.M.L. 2008). Indeed, plaintiffs in the ten actions who oppose Coloplast's motion do not dispute that MDL treatment for these actions is warranted. Rather, they argue that the actions should be included in the Mentor MDL (MDL No. 2004), and, to that end, have filed a motion to expand the scope of that docket.[3]

In opposing inclusion of the *White* action in the centralized proceedings, TEI argues that the TEI product (Surgimend) at issue in *White* differs significantly from the Coloplast products in that, *inter alia*, it is not a synthetic mesh product, and it was not manufactured or sold for use in pelvic floor reconstruction procedures. TEI contends that the use of Surgimend in treating the subject plaintiff in *White* was inappropriate and off-label, and that, as a result, the action will require substantial unique discovery involving the individual physicians and facilities involved in the plaintiff's treatment. After reviewing the First Amended Complaint in *White*, however, we are not persuaded that either *White* or the claims in *White* against TEI should be excluded from the MDL. That pleading indicates that the plaintiff's alleged injuries from the use of Surgimend and the Coloplast product are indivisible, and that the two products were used in surgical procedures on the plaintiff that were performed back-to-back on the same day. To the extent that *White* involves issues unique to TEI, the transferee judge can structure pretrial proceedings so that discovery with respect to such issues can proceed concurrently with discovery on common issues. *See In re: Method of Processing Ethanol Byproducts & Related Subsystems ('858) Patent Litig.*, 730 F. Supp. 2d 1380, 1382 (J.P.M.L. 2004).

We conclude that the Southern District of West Virginia is an appropriate transferee district for pretrial proceedings in this litigation. According to Coloplast, nine of the 24 federal actions in which it is named are already in one or the other of the four pelvic repair product MDLs presently pending in that district before the Honorable Joseph R. Goodwin – as those nine actions involve not only a Coloplast product but also one or more products at issue in those MDLs.[4] Were we to centralize the Coloplast actions in a district other than the Southern District of West Virginia, we would be strongly inclined to leave those nine actions where they are, as transferring them to a new MDL would almost certainly disrupt the ongoing pretrial proceedings, prejudice the non-Coloplast defendants named therein, and likely run afoul (in some or all cases) of our previous determination

---

[3] For the reasons set forth in a separate order that we are issuing in that docket, we are denying that motion. We note that at oral argument, counsel for plaintiffs moving to expand the scope of MDL No. 2004 acknowledged that creation of a separate Coloplast MDL might be warranted, but argued that in that event, the litigation should be centralized in the Middle District of Georgia, where MDL No. 2004 is pending.

[4] The four MDLs are MDL No. 2187, In re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation, MDL No. 2325, In re: American Medical Systems, Inc., Pelvic Repair System Products Litigation, MDL No. 2326, In re: Boston Scientific Corp. Pelvic Repair System Products Litigation, and MDL No. 2327, In re: Ethicon, Inc., Pelvic Repair System Products Litigation.

- 3 -

to transfer any multi-product, multi-defendant pelvic repair product action to the MDL involving the defendant first named in the complaint. *See In re: American Med. Sys., Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2012 WL 432533, at *1 n.4 & *2. Centralization in the Southern District of West Virginia moots such issues, and will make it appreciably easier for the transferee court to supervise pretrial proceedings in all related actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of West Virginia, and, with the consent of that court, assigned to the Honorable Joseph R. Goodwin for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Barbara S. Jones           Paul J. Barbadoro
Marjorie O. Rendell

IN RE: COLOPLAST CORP. PELVIC SUPPORT SYSTEMS
PRODUCTS LIABILITY LITIGATION                           MDL No. 2387

## SCHEDULE A

Middle District of Florida

Denise Jean D'Agaro Jacobs, et al. v. Mentor Corporation, et al., C.A. No. 8:10-02429
Rhonda Lariscy, et al. v. Mentor Worldwide, LLC, C.A. No. 8:11-02377
Mary Joe White, et al. v. Coloplast Corporation, C.A. No. 8:12-00061

Northern District of Illinois

Gladys Marrero, et al. v. Mentor Worldwide, LLC, et al., C.A, No. 1:12-01829
Martha Gustafson, et al. v. Coloplast, Inc., et al., C.A. No. 1:12-03292

Southern District of Illinois

Ann M. Williams, et al. v. Mentor Worldwide, LLC, et al., C.A. No. 3:12-00321

District of Kansas

Patricia Purvis v. Mentor Worldwide, LLC, et al., C.A. No. 2:12-02212

Eastern District of Missouri

Lois Wolz, et al. v. Mentor Worldwide, LLC, et al., C.A. No. 4:12-00698

Western District of Missouri

Melissa M. Renaud, et al. v. Mentor Worldwide, LLC, et al., C.A. No. 4:12-00465
Mildred C. Watts, et al. v. Mentor Worldwide, LLC, et al., C.A. No. 4:12-00466
Alvonia B. Fisher, et al. v. Mentor Worldwide, LLC, et al., C.A. No. 4:12-00467

Western District of Oklahoma

Connie Waldrop, et al. v. Mentor Worldwide, LLC, et al., C.A. No. 5:12-00532

Eastern District of Pennsylvania

June C. Hess v. Mentor Worldwide, LLC, et al., C.A. No. 2:12-01919